RECEIVED
JUN 0 9 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Cooperative Agreement

between

Alaska Child Support Services Division, Department of Revenue

and

Alaska Court System

### I. Purpose

The Alaska Division of Child Support Services, Department of Revenue (CSSD), and the Alaska Court System ("the Court") desire to enter into a cooperative agreement for the purpose of
- establishing paternity and securing financial support for minor children through the provision of court services;
- defining the roles, relationships, and responsibilities of the parties;
- setting forth a basis for financial reimbursement of the Court for providing court services pursuant to 45 CFR 303.107(d).

### II. Definitions

A. CSSD is a division of the Alaska Department of Revenue, an agency of the executive branch of state government created by an act of the Alaska Legislature. CSSD is designated the state "IV-D agency," the agency designated to carry out the provisions of Title IV-D of the Social Security Act through a IV-D State Plan (AS 25.27.020(a)(5). CSSD is provided legal counsel by the Alaska Department of Law.

B. The Alaska Court System is established in Article IV of the Alaska State Constitution and its jurisdiction and other matters are described in Title 22 of the Alaska Statutes. It consists of the Alaska Supreme Court, the Court of Appeals, the Superior Court, and District Court.

### III. CSSD Responsibilities

CSSD is required to implement and maintain a plan in which it will undertake:

A. In the case of a child born out of wedlock with respect to whom an assignment, as defined in 45 CFR 301.1, is effective, to establish the paternity of such a child within the time frames specified in 45 CFR 303.5 (45 CFR 302.31(a)(1); and

B. In the case of any individual with respect to whom an assignment is effective, to secure support for a child or children from any person who is legally liable for such

Attachment 3
Pg 1 of 8

  B. In the case of any Individual with respect to whom an assignment is effective, to secure support for a child or children from any person who is legally liable for such support, using state laws and reciprocal arrangements adopted with other states when appropriate. This includes securing support for a spouse or former spouse who is living with the child or children, but only if the support obligation has been established for that spouse and the child support obligation is being enforced under the Title IV-D State Plan (45 CFR 302.31(a)(2); and,

  C. To provide support, collection, or paternity determination services for any individual not receiving assistance under the Temporary Aid for Needy Families (TANF) program who files an application for such services with CSSD (45 CFR 302.33(a)), and, upon written authorization by the Secretary of the U.S. Department of Health & Human Services, to provide such services without need of an application for services; and

  D. In the case of any individual with respect to whom an assignment is effective, to secure and enforce medical support obligations in accordance with 45 CFR 303.31; and,

  E. To establish and enforce support obligations

    1. In accordance with the timeframes specified in 45 CFR 303.4 and 303.6;
    2. By using guidelines for setting child support awards that meet the requirements at 45 CFR 302.56;
    3. By initiating, where appropriate, income withholding in accordance with 45 CFR 303.100; and,

  F. To distribute support collections in compliance with 45 CFR 302.51 and 302.52; and

  G. To review individual support orders in accordance with 45 CFR 303.8 and AS 25.27.193; and

  H. To fulfill the income withholding responsibilities imposed upon CSSD at AS 25.27.062, 25.27.150, 25.27.250-25.27.255; and

  I. To meet all other obligations of a IV-D agency required by statute or regulation and not specifically assigned to the Court under the terms of this agreement; and

  J. To lend its expertise and data, including data collected pursuant to 45 CFR 307.11, to the process of developing and modifying guidelines for setting child support award amounts; and

*Attachment 3*
*B2/8*

K. To establish an interstate central registry responsible for receiving, distributing, and responding to inquiries on all incoming interstate IV-D cases, including URESA and UIFSA (AS 25.25.101 et.seq.) petitions and requests for wage withholding, in accordance with 45 CFR 303.7; and

L. To establish a State case registry that contains the records required by the terms of 45 CFR 307.11, including (1) every IV-D case receiving child support enforcement services under an approved State plan and (2) every support order established or modified in the State on or after October 1, 1998; and

M. CSSD is further obligated to keep the State Plan current, in compliance with changes in statutes, rules, and regulations and new interpretations and court decisions, subject to the review and approval of the regional office of the Office of Child Support Enforcement of the United States Department of Health and Human Services as described in 45 CFR 301.13.

### IV. Alaska Court System Responsibilities

The Alaska Court System agrees to:

A. Calendar and hear civil complaints to establish paternity along with all proceedings related thereto. Hearings shall be made available to the litigants in accordance with AS 25.20.050 and 25.27.040. The Court will cooperate with CSSD to ensure that orders establishing paternity are issued within the timeframes set forth in 45 CFR 303.5, provided that CSSD timely files all required documents and complies with the Alaska Rules of Court and Alaska Statutes; and

B. Calendar and hear interstate complaints and proceedings related thereto filed by CSSD to secure and enforce support obligations including obligations to provide health care coverage (AS 25.27.020 (a)(9); 25.27.063); and

C. Calendar and hear civil and criminal complaints and proceedings related thereto filed by CSSD as may be required under 45 CFR 303.6(c)(2); and

D. When requested by CSSD or a private party, establish or modify support orders using the guidelines for child support awards found at Civil Rule 90.3. Whenever a support order deviates from the presumptive amount determined pursuant to Civil Rule 90.3, the court order will incorporate written findings in support of the deviation pursuant to subsection (c) of Civil Rule 90.3; and

E. Hear and decide motions to enforce child support orders filed under AS 25.27.080 and AS 25.27.226; and

F. Carry out the responsibilities assigned to the courts under the income withholding provisions of AS 25.27.062; and

G. Safeguard information relating to applicants or recipients of support enforcement services in accordance with the requirements of 45 CFR 303.21; and

H. In all orders for the payment of support in IV-D cases, provide, pursuant to 45 CFR 302.32 and AS 25.27.120, that such payments are to be made directly to CSSD and not to the family or custodial parent; and

I. Unless the Alaska Legislature assumes responsibility for establishing and revising child support guidelines, the Court will establish one set of guidelines for setting and modifying child support award amounts and undertake review and necessary revisions of the guidelines at least once every four years as required by 45 CFR 302.56. The guidelines shall, in compliance with 45 CFR 302.56, (1) take into consideration all earnings and income of the absent parent, (2) be based on specific descriptive and numeric criteria and result in a computation of the support obligation, and (3) provide for the child(ren)'s health care needs through health insurance coverage or other means. As part of the periodic review of the state's child support guidelines, the Court will consider economic data, gathered through sampling or other methods, on the application of, and deviations from, the guidelines, and the data will be used in the Court's review of the guidelines to ensure that deviations from the guidelines are limited. The Court will solicit and receive the expertise and data of CSSD in the course of establishing and revising the guidelines, to include compilations of information collected in compliance with 45 CFR 307.11. The child support guidelines will provide that there shall be a rebuttable presumption that the amount of the award which would result from the application of the guidelines established under paragraph (a) of this section is the correct amount of child support to be awarded; and

J. Allow, upon reasonable prior notice to the Court designee, CSSD or the federal Office of Child Support Enforcement (OCSE) access to court records and permit periodic on-site observations of the performance of functions being carried out relative to this agreement in order to evaluate the quality, efficiency, effectiveness and scope of services being provided under this agreement and fulfill the state's obligation to cooperate with OCSE as required by 45 CFR 305.13(a); and,

K. Transmit to CSSD every support order established or modified in the State on or after October 1, 1998 pursuant to 45 CFR 307.11(e)(2).

V. Workload and Compensation

A. CSSD agrees to:

1. Provide two years' statistical history of the number of cases that have required judicial action to facilitate the Court's caseload and staffing planning; and

Attachment 3
3 4 8

2. Receive and pass through the federal funding to the Alaska Court System for allowable services based on the applicable federal matching rate and federal approval of the Alaska expenditure plan. Exhibit I entitled "Alaska Court System Calculation of Estimated IV-D Costs FY 2006," an estimate of allowable expenditures for the applicable fiscal year, is incorporated herein by reference and made a part hereof. Payment of expenditures listed therein is subject to federal review and audit.

B. The Court agrees to:

1. Within 45 calendar days after the close of the calendar quarters ending in September, December, and March, and within 75 calendar days for the quarter ending in June, provide a report to CSSD of all Court expenditures for the applicable quarter detailing costs that are eligible for federal financial participation per 45 CFR 304.21 at the applicable federal matching rate; and

2. Provide CSSD annually, on or about June 1, projections for the next state fiscal year beginning July 1 of the Court expenditures contemplated to be expended in providing court services pursuant to this or a successor Cooperative Agreement. Such estimates are to be projected at the 100% level with supporting narrative.

VI. Other Terms and Conditions

A. In addition to the federal and state laws and regulations cited above, the parties agree to comply with the provisions of the Title IV-D of the Social Security Act, implementing regulations and any other federal or state law or regulation applicable to the contents, execution, performance and enforcement of this agreement.

B. Financial penalties or disallowances of federal financial participation for incurred expenditures that are sustained by CSSD as a direct result of any federal audit or office review finding of inadequate performance by the Court under this agreement shall be passed on to the Court in the appropriate share upon receipt of official notice of such finding.

C. This agreement shall be effective for the period beginning July 1, 2005 and ending June 30, 2006 unless terminated in accordance with paragraph E below.

D. The parties may revise or amend the terms and conditions of this agreement in writing, which revision or amendment shall be made a part hereof. The parties agree to amend this agreement to address and incorporate the requirements of new or revised IV-D program requirements, if any, that may be applicable during the effective period of this Agreement.

E. The parties agree that either party may terminate this agreement upon ninety (90) days written notice, or it may be terminated by mutual written consent at any time.

Attachment 3
Pg 5/8

Furthermore, either party may terminate this agreement upon forty-five (45) days' written notice to the other party if a party determines that the other party (1) has violated any provision of applicable federal or state law, or (2) has failed to satisfactorily perform in accordance with the terms, conditions and performance standards of the agreement; provided, however, that the terminating party must, in its notice of termination, specify the grounds for the termination and specify that termination will not occur if the other party implements appropriate corrective action to cure the violation or improve performance within the 45-day notice period.

    F. The parties agree to cooperate in the development of budgets and work programs so as to avoid the loss of any incentive payments to which CSSD may be entitled.

    G. The Court System proposes to continue to support a Family Law Self Help Services (FLSHS) program. FLSHS staff will provide direct assistance to self-represented litigants involved in family proceedings, offering in-depth information on court procedures and assisting them in completing the forms required in the more common domestic relations matters. FLSHS staff also will provide information about CSSD services and procedures available to parents who could be eligible for CSSD services, provide forms and informational literature, and assist individuals to complete applications for CSSD services. FLSHS staff will provide training to its employees on the functions of CSSD, eligibility criteria, procedures for applying for CSSD services, and other related topics, all designed to increase the number of persons applying for CSSD services. The Court System will not request federal IV-D reimbursement for FLSHS activities under the terms of this Cooperative Agreement.

Signed this __22__ day of __July__, 2005.

_____
Stephanie J. Cole
Administrative Director
Alaska Court System

_____
John Mallonee
Director
Child Support Services Division

Attachment 3
PB 668

## Alaska Court System
## Calculation of Estimated IV-D Reimbursement
## FY2006

**Calculation of IV-D Application Workload**

| | |
|---|---|
| IV-D Applications for Service FY2005 | 1,853 |
| Statewide Non-Traffic Filings FY2004 | 79,084 |
| Ratio of applications to non-traffic filings | 2.34% |

**Calculation of Costs Associated with Processing IV-D Applications**

| | # Positions | Personal Services | Other | Total |
|---|---|---|---|---|
| *Trial Courts Operating Budget* | | | | |
| Trial Court FY2006 Authorized Budget | 544 | $ 39,175,000 | $ 10,999,900 | $ 50,174,900 |
| **Elimination of Non-Allowable Costs** | | | | |
| Judicial position net salaries, benefits, other | 55 | (9,619,600) | (973,600) | (10,593,200) |
| Judicial secretary net salaries, benefits, other | 41 | (2,467,700) | (725,800) | (3,193,500) |
| Law Clerk net salaries, benefits, other | 35 | (1,773,300) | (619,600) | (2,392,900) |
| Bailiff net salaries, benefits, other | 2 | (67,800) | (35,400) | (103,200) |
| Traffic staff net salaries, benefits, other | 24.2 | (1,057,400) | (428,400) | (1,485,800) |
| Jury Clerk net salaries, benefits, other | 11.3 | (564,900) | (200,700) | (765,600) |
| Law Clerk moving | | | (50,000) | (50,000) |
| Jury travel | | | (400,000) | (400,000) |
| Jury fees | | | (920,000) | (920,000) |
| Net Trial Courts Expenses | | $ 23,624,300 | $ 6,646,400 | $ 30,270,700 |

**Calculation of Federal Reimbursement**

| | |
|---|---|
| Expenditures associated with processing IV-D applications[1] | $ 708,334 |
| Reimbursable amount[2] | $ 467,500 |

[1] This calcuation is based on "Net Trial Courts Budget" x Ratio of IV-D applications (2.34%)
[2] Reimbursement based on 66% of the "Expenditures associated with processing IV-D applications"

Page 1 of 2

Attachment 3
Pg 7 of 8

Alaska Court System
Method for Calculation of Estimated IV-D Costs
FY 2006

## Calculation of Costs Associated with Processing IV-D Applications

### Calculation of Costs for the Trial Courts

The authorized operating budget for the current fiscal year is used to determine processing costs. The State of Alaska uses a July - June fiscal year. Only the expenses associated with Trial Court operations were considered.

All costs associated with the Appellate Courts were excluded. For cost calculations, the budget is divided into two categories: Personal Services & "Other". The Personal Services category identifies the salaries and benefits for individual positions. The "Other" category is comprised of travel, contractual services, supplies, equipment and leasehold improvement. The Court System owns or leases the buildings it occupies. Within the "Other" category are the facility expenses for maintenance, repair, utilities, etc. No capital costs, debt service or depreciation expenses were included in this category.

### Elimination of Non-Allowable Costs

#### Personal Services

The personal services budget is reduced by salary and benefits costs for non-allowable positions. The non-allowable positions are identified as judicial staff (judges), judicial support staff (judges' secretaries, law clerks and bailiffs), and the traffic section staff. The legislature underfunds personal services to account for anticipated savings from position vacancies and hiring of replacement positions at lower salary amounts.

Traffic personnel are not specifically identified in the budget. For this calculation, the number of traffic positions are estimated using the formula of one staff person per every 3,000 traffic filings.

Full-time jury clerks are used only in the larger courts of Anchorage and Fairbanks. All jury clerk personal services costs for Anchorage and Fairbanks were excluded. For other regions, a general court clerk will handle jury responsibilities, which can be a very small part of the workload. To calculate the time spent on jury functions in locations outside of Anchorage and Fairbanks, the ratio of jury clerks required for trials conducted in Anchorage and Fairbanks was multiplied by the number of trials conducted in each of other regions. Courts with less than 5 jury trials per year were not included in this calculation.

#### Other

In determining the non-allowable "Other" costs, positions were assumed to use the same proportion of resources. "Other" costs were reduced by dividing the number or non-allowable positions by the total number of trial court employees, then multiplying the result by the total "Other" costs. All "Other" costs associated with juries and the relocation of law clerks were removed.