RECEIVED
JUN 0 9 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

LEON GENE CLUGSTON, )
)
      Plaintiff, )
)
v. )
)
CRYSTAL LANGHAM, )
)
      Defendant. ) Case No. 3PA-03-1454 CI
_____)

## OPPOSITION TO MOTION FOR RECONSIDERATION

Mr. Clugston asserts in his motion for reconsideration that the prohibition on non-court validated child support agreements which waive child support is not applicable because there was no court order in place. Mr. Clugston's position is incorrect for a number of reasons.

First, administrative support orders are not only authorized, but they have essentially the same force and effect as a court order. See AS 25 27.020(a) (1) (D) (7); AS 25.27.060 (c); AS 25.27.140(a) and AS 25.27.900 (13).

Second, notwithstanding the effect of the administrative order, the parties' agreement is still nonetheless void pursuant to Civil Rule 90.3 and AS 25.27.065. See *Cox v. Cox*, 776 P.2d 1045 (Alaska 1989). In *Cox*, the parents entered a child support agreement at the time of the divorce, which the Master (and superior court) rejected as contrary to Civil Rule 90.3. *Id.* at 1045-46. The Alaska Supreme Court affirmed the Master's (and superior court's) rejection, noting both the requirement of a court sanctioned agreement under AS 47.23.065 (now AS 25.27.065), and Civil Rule

DKW/SF/OTHER/CLUGSTONL.OPP.MOT FOR RECON.

Attachment 11
p. 1 of 3

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

90.3,[1] as well as stating that the "court was not required to find that good cause existed merely because the parties had reached an agreement." Id. at 1049.

To modify this order, a party needed to either request CSED to review the matter or file a motion or modification in the court. *See State of Alaska, CSED v. Schofield,* 993 P.2d 405, 408 (Alaska 1999). In this case, even if the parties had entered into a child support agreement, it is void because it does not comply with either Civil Rule 90.3 or the statutory provisions of AS 25.27.065. *See e.g. Nix v. Nix* 855 P.2d 332, 1334 (Alaska 1993). In other words, the parties should have filed an action and asked the court to review and approve any agreement which varied from Rule 90.3 guidelines. Moreover, even if the parties now requested the court to confirm the agreement, the agreement only could be effective prospectively if the court made appropriate findings justifying why a Civil Rule 90.3 variance is justified. Otherwise, the modification would be a prohibited retroactive modification. See Alaska Civil Rule 90.3 (h).

//

//

//

---

[1] Commentary to Civil Rule 90.3 VI B. 1 states that: "[t]he fact that the parties, ... agree on an amount of support is not reason in itself to vary the guidelines. The children have an interest in adequate support independent of either parent's interest. Thus, approval of any agreement which varies the guidelines, whether in a dissolution, by stipulation or otherwise, must be based upon an explanation by the parties of what unusual factual circumstances justify the variation."

DKW/SF/OTHER/CLUGSTONL.OPP.MOT FOR RECON.

Attachment 1
pg 2 of 3

For the above stated reasons, CSED urges the court to deny plaintiff's motion for child support credit and stay of administrative proceeding.

DATED: 6/15/04

GREGG D. RENKES
ATTORNEY GENERAL

By: *(signature)*
D. Kevin Williams
Assistant Attorney General
Bar No. 9006041

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

DKW/SF/OTHER/CLUGSTONL.OPP.MOT FOR RECON.

Attachment 17
Pg 3/3