Person Submitting Proposed Order:
Name: Candice M. Bales            Telephone No. (907) 745-____
Address: P.O. Box 3722, Palmer, AK 99645
☒ Attorney for Plaintiff            ☐ Pro Se (not represented by an attorney)

RECEIVED
JUN 09 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
AT Palmer

FILED IN THE TRIAL COURTS
STATE OF ALASKA, THIRD DISTRICT
AT PALMER
OCT 19 2004
Clerk of the Trial Courts
By TLC Deputy

Certified

Leon Gene Clugston,
   Plaintiff,
vs.
Crystal Langham,
   Defendant.

CASE NO. 3PA-03-1454 CI

CHILD SUPPORT ORDER
☐ Interim   ☒ Final

1. **Children.** Custody and support are ordered for the following minor child(ren):

| Full Names of Children | Birth Dates | Social Security No. |
|---|---|---|
| Nicholas Lee Langham | 8-15-1994 | 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 |

2. **Father**

Full Name: Leon Gene Clugston   DOB: 2-4-1973   SSN 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
Mailing Address: 4555 S. Navigators Circle #7, Wasilla, AK 99654
Residence Address (if different): _____
Most Recent Employer: Kanaq'IQ Con.
Employer's Address: 451 E. 4th Avenue, Anchorage, AK

**Mother**

Full Name: Crystal Dawn Langham   DOB: _____   SSN 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
Mailing Address: P.O. Box 879468, Wasilla, AK 99687
Residence Address (if different): _____
Most Recent Employer: _____
Employer's Address: _____

**Custodian (if not a parent)**
Full Name: _____                  Birth Date: _____
Mailing Address: _____
Residence Address (if different): _____

AUG 31 2004

Page 1 of 8
DR-300 (12/00)(cs)
CHILD SUPPORT ORDER

000008

AS 25.27.020, .062, .080
AS 25.24.230(i)
Civil Rule 90.3

Attachment 15
PB 1512

3.  Legal custody of the child(ren) named above is awarded to: <u>Leon Gene Clugston and Crystal Dawn Langham, jointly.</u>

4.  Physical Custody and Child Support. Civil Rule 90.3(f).

    ☐ a. <u>Primary Physical Custody For Child Support Purposes.</u> The child(ren) shall reside primarily with _____. The other parent shall have physical custody less than 30% of the year.

    The obligor, _____, shall pay child support as follows:

    | Number of Children | Basic Monthly Amount Owed | Health Insurance Adjustment (¶6) | Total Monthly Amount Owed |
    |---|---|---|---|
    | | | | |
    | | | | |
    | | | | |
    | | | | |

    As each child reaches the age of 18, is otherwise legally emancipated or dies, the amount of support will change to the next lower amount, unless the following box is checked:
    ☐ Support shall continue while each child is 18 years old if the child is (1) unmarried, (2) actively pursuing a high school diploma or equivalent level of technical or vocational training, and (3) living as a dependent with the obligee parent or guardian or a designee of the parent or guardian.

    The first payment is due no later than _____. Subsequent payments are due no later than the ___1st___ day of each month thereafter.

    ☐ Extended Visitation Credit. The obligor parent shall have physical custody of the child(ren) for the following periods of over 27 consecutive days:
    _____
    _____

    If this visitation is exercised, child support is reduced for the above period(s) as follows:
    _____
    _____

    (This reduction may not exceed 75% of the amount owed for the period.)

    If this visitation is <u>not</u> exercised, child support is not reduced. [Civil Rule 90.3(a)(3)]

000009

Attachment 15
Pg 2 of 12

Page 2 of 8
DR-300 (12/00)(cs)

AS 25.27.020, .062, .080
AS 25.24.230(i)
Civil Rule 90.3

☒ b.  Shared Physical Custody For Child Support Purposes [i.e., children reside with each parent for a specified period of at least 30% of the year].

The child(ren) shall reside with _Plaintiff_ during the following periods: _week on and week off_

and with _Defendant_ during the following periods: _week on and week off_

The obligor, _____, shall pay child support as follows:

| Number of Children | Basic Monthly Amount Owed | Health Insurance Adjustment (¶6) | Total Monthly Amount Owed |
|---|---|---|---|
| 1 | 274.00 | | 274.00 |
| | | | |
| | | | |
| | | | |

As each child reaches the age of 18, is otherwise legally emancipated or dies, the amount of support will change to the next lower amount, unless the following box is checked:
☒ Support shall continue while each child is 18 years old if the child is (1) unmarried, (2) actively pursuing a high school diploma or equivalent level of technical or vocational training, and (3) living as a dependent with the obligee parent or guardian or a designee of the parent or guardian.

The first payment is due no later than _September 1, 2004_. Subsequent payments are due no later than the _1st_ day of each month thereafter.

Failure to take physical custody of the child(ren) at least 30% of the year is grounds for modification of this support order. However, denial of visitation by the custodial parent is not cause to increase child support. Civil Rule 90.3(b)(5)

5.  Application of Civil Rule 90.3 Formula

   a.  The above child support amounts were calculated using the formula in Civil Rule 90.3 (a) or (b).    ☒ Yes   ☐ No
   b.  If not, the reason for the variation is: _____

   _____
   _____
   _____
   _____
   _____

   The amount of support which would have been required by the formula is:
   $_____ for ___ children per month to be paid by the ☐ Mother ☐ Father.
   Estimated value of any property conveyed instead of monetary support: $_____.

Page 3 of 8
DR-300 (12/00)(cs)
CHILD SUPPORT ORDER

000010    Attachment 15
             78 3 of 12

AS 25.27.020, .062, .080
AS 25.24.230(i)
Civil Rule 90.3

6. Medical Support Order. AS 25.27.060(c) and Civil Rule 90.3(d)(1). This order concerns health insurance for the child(ren) covered by this child support order. It does not concern health insurance for any other children or for the parents.

   a. <u>Current Coverage</u>.

   ☐ The ☐ obligor ☐ obligee must purchase health insurance for the child(ren) because such insurance is available at reasonable cost through his/her employer, union or otherwise. Name and address of employer/union through which insurance will be purchased: _____

   The insurance cost (currently $_____ per month) will be divided between the parties equally unless a different division of the cost is ordered.

   The child support calculation in paragraph 4 includes:
   ☐ a credit of $_____ per month (50% of the cost to the obligor) for health insurance purchased for the child(ren) by the obligor. If the obligor fails to purchase the insurance, the monthly child support obligation will increase by this amount, without further order of the court, until the obligor purchases the insurance and provides proof of the purchase to the other parent and to the Child Support Enforcement Division (CSED) if CSED is handling collections.
   ☐ an extra $_____ per month (50% of the cost to the obligee) for health insurance purchased for the child(ren) by the obligee. If the obligee fails to purchase the insurance, the monthly child support obligation will decrease by this amount, without further order of the court, until the obligee purchases the insurance and provides proof of the purchase to the other parent and to the Child Support Enforcement Division (CSED) if CSED is handling collections.

   If the cost of the insurance changes, the amount of the child support obligation will be adjusted accordingly, without further order of the court. The parent purchasing the insurance shall provide documentation of the change to the other parent and to the Child Support Enforcement Division (CSED) if CSED is handling collections. If either parent believes the cost of the insurance has become unreasonable, that parent may file a motion asking the court to suspend the requirement that insurance be purchased.

   ☐ The children are eligible for services through
     ☐ the Indian Health Service   ☐ military medical benefits
     but these services are <u>not</u> available in the area where the children live. Therefore, insurance must be purchased as stated above until these services become available.

   ☐ The children are eligible for services through
     ☐ the Indian Health Service   ☐ military medical benefits
     and these services <u>are available</u> to the children. Therefore, no additional insurance is required while these services are available.

   ☒ Health insurance for the child(ren) is not now available at reasonable cost or its availability is unknown.

*Attachment 15 p 4 of 12*

000011

    b.    <u>Future Coverage</u>. If there is no health care coverage for the child(ren) and insurance becomes available to a parent at a reasonable cost, that parent must purchase the insurance after giving notice to the other parent. The cost of the insurance must be divided between the parents equally unless a different division of the cost is ordered. Without further order of the court, the monthly child support obligation will increase by 50% of the cost of the insurance if the obligee purchases it and decrease by 50% of the cost of the insurance if the obligor purchases it, unless otherwise ordered. If the parents disagree about whether the cost of insurance is reasonable or about which insurance policy should be purchased, either parent may file a motion asking the court to resolve the dispute.

    c.    <u>Information for Other Parent.</u> The parent purchasing the insurance must notify the insurance company that the other parent can apply for benefits on behalf of the child(ren) and should be reimbursed directly. The purchaser must also provide coverage information to the other parent and all forms and instructions necessary to apply for benefits.

7.    Uncovered Health Care Expenses (including medical, dental, vision and mental health counseling expenses). Civil Rule 90.3 (d)(2) and (f)(4).

The cost of the child(ren)'s reasonable health care expenses not covered by insurance must be paid as follows, unless the expenses exceed $5,000 in a calendar year:

    ☒  Obligor will pay half and obligee will pay half.
    ☐  Obligor will pay _____ and obligee will pay _____
        because _____

A party shall reimburse the other party for his or her share of the uncovered expenses within 30 days after receiving the health care bill, proof of payment and, if applicable, a health insurance statement showing what part of the cost is uncovered. The bill and other materials should be sent within a reasonable time.

If the uncovered expenses exceed $5,000 in a calendar year, the expenses must be allocated based on the parties' relative financial circumstances when the expenses occur.

8.    Travel Expenses. Civil Rule 90.3 (g)

Travel expenses which are necessary to exercise visitation will be allocated between the parties as follows: __N/A__

Attachment 5-15
Pg 5 of 12

Page 5 of 8
DR-300 (12/00)(cs)
CHILD SUPPORT ORDER

000012

AS 25.27.020, .062. .080
AS 25.24.230(i)
Civil Rule 90.3

9. INCOME WITHHOLDING ORDER. Unless one of the following boxes is checked (or CSED later authorizes an exemption for one of these reasons), the obligor, any employer of the obligor and any person, political subdivision, department of the State, or other entity possessing property of the obligor, including any corporation created by the Alaska Native Claims Settlement Act, shall immediately withhold from the obligor's income and any other money due the obligor the amount of child support due pursuant to AS 25.27.062 and shall pay this amount to the Child Support Enforcement Division.

☐ The parties have agreed on the alternative arrangement described in the attached document signed by both parties.

☐ The court finds good cause not to require immediate income withholding because it would not be in the best interests of the child(ren) for the following reason:

_____

☐ The obligor is receiving social security or other disability compensation that includes regular payments to the child(ren) at least equal to the support owed each month. To the extent these payments to the child(ren) do not satisfy the monthly amount owed, the remaining amount due shall be withheld from the obligor's income pursuant to AS 25.27.062.

Even if one of the above boxes is checked, exempting the obligor from immediate income withholding, such withholding may be initiated under AS 25.27.062(c) through the court or through CSED.

10. CSED Services. All child support payments must be made to the Child Support Enforcement Division (CSED) if one of the parties applies for the services of CSED. In addition, if the above income withholding order is served on the obligor's employer or anyone holding money belonging to the obligor, the money withheld pursuant to the order must be paid to CSED.

☒ An application for CSED services has been made.
☐ No application for CSED services has been made at the time of this order.

When payments are made through CSED:

a. Payments must include the **case number** and names of both parties and must be made payable to the CHILD SUPPORT ENFORCEMENT DIVISION, PO Box 102760, Anchorage, Alaska 99510-2760. CSED shall disburse the payments as required by law after deducting any fee required by law.

b. CSED shall maintain a record of support payments.

c. Interest will be imposed in accordance with AS 25.27.020 on payments which are 10 or more days overdue or if payment is made by a check backed by insufficient funds. No interest will be charged, except on arrearages more than 30 days past due, if payments are made under an income withholding order.

Attachment 15
pg 6 of 12

---

* In addition, the obligor has agreed to keep the obligee (or CSED if CSED is enforcing the order) informed of the obligor's current employer and the availability of employment-related health insurance coverage for the children until the support order is satisfied.

000013

Page 6 of 8
DR-300 (12/00)(cs)
CHILD SUPPORT ORDER

AS 25.27.020, .062. .080
AS 25.24.230(i)
Civil Rule 90.3

d.  The parties shall notify CSED, in writing, of any change in their mailing or residence addresses within 5 days after any such change.

e.  The obligor shall keep CSED informed of the name and address of his or her current employer. Whenever employment changes, the obligor must notify CSED in writing within 20 days. This employment information must be given to the obligee instead of CSED if CSED is not enforcing the order.

f.  The party ordered to provide insurance shall provide to CSED proof of medical insurance coverage for the children within 20 days of this order. If insurance becomes unavailable, that party shall notify CSED within 20 days. When insurance again becomes available, that party must, within 20 days, give CSED proof that the children are insured. The above proof and notice of insurance must be given to the other party instead of CSED if CSED is not enforcing the order.

g.  If a party applies for CSED services:

   (1) CSED shall take whatever enforcement action is deemed legally proper, including recommending contempt proceedings against the party ordered to pay support. **Failure to pay support as ordered may result in execution against the property of the obligor or arrest of the obligor.**

   (2) Either party may ask CSED to review the amount of child support if it has been at least 12 months since the support order was last reviewed or modified. CSED may require that the request be made in writing on a form specified by CSED. The parties shall provide income information requested by CSED in connection with a review of the amount of child support within 20 days after the date the request is mailed.

   (3) CSED may issue a withholding order, pursuant to AS 25.27.062 or AS 25.27.250, to attach funds owed to the obligor by any corporation created by the Alaska Native Claims Settlement Act (ANCSA). Upon service of such an order, the obligor's dividends, distributions and/or other periodic monetary benefits of ANCSA stock shall be transferred to the child support obligee pursuant to the terms of the withholding order. The ANCSA corporation shall pay the funds so transferred to CSED for distribution to the child support obligee.

11. Effect of Assignment of Right to Child Support to State. This order does not bind the Child Support Enforcement Division of Alaska or of any other state to the child support herein ordered if the person receiving child support is receiving or has currently applied for welfare benefits and assigns his or her rights to child support to the state. AS 25.27.120 - .130. If child support rights are assigned to the state, any alternative arrangement for immediate income withholding will not be allowed unless approved by CSED.

Page 7 of 8
DR-300 (12/00)(cs)
CHILD SUPPORT ORDER

Attachment 15
7 of 12
000014    AS 25.27.020, .062, .080
AS 25.24.230(i)
Civil Rule 90.3

12. Additional Information. The parties are hereby notified that:

   a. Payment of support must be made as ordered herein, and the giving of gifts, clothing, or other in-kind payments will not fulfill the obligation.

   b. Payment of support must be made as it becomes due, and failure to secure or denial of rights of visitation is not an excuse for nonpayment, but the aggrieved party must seek relief from the court as otherwise provided by law.

   c. The payment of support takes priority over payment of debts and other obligations.

   d. A party who marries or otherwise accepts additional obligations of support does so with the full knowledge of prior obligations under this proceeding and will be given no consideration for those additional obligations in subsequent proceedings for alleged failure to make the payments as ordered herein.

   e. It is the responsibility of a person with seasonal employment to budget income so that payments are made regularly throughout the year as ordered.

---

Recommended for approval on

_____    _Eric Smith_  10/19/04
Date                         Superior Court Judge    Date
Superior Court Master
                             _Eric Smith_
                             Type or Print Judge's Name

I certify that on __10/19/04__
a copy of this order was sent to:
CSED** ✓
Administrative Director of the Court System (if 5.a. is no)
Employer of _____ (with DR-330 Notice)***
Both Parties: Defendant
Attorneys: Bales (Plaintiff)
Clerk: KV

I certify that this is a true copy of an original document on file in the Appellate Courts of the State of Alaska.

Dated _December 9th_, 20 _05_.
Anchorage, Alaska.

CLERK OF THE APPELLATE COURTS
By _Holly Fuentes_
   Deputy Clerk

Attachment 15
Pg 8/12

---

** Also send CSED (1) any application for CSED services and (2) a copy of the dissolution petition and amendments or the child support guidelines affidavit (DR-305).

*** A copy of the order and the DR-330 Notice to Employer Re: Children's Medical Insurance must be sent to the employer of the party ordered to purchase insurance for the children if that party is eligible for family health care coverage through his/her employer. AS 25.27.063(b).

000015

Page 8 of 8                                    AS 25.27.020, .062, .080
DR-300 (12/00)(cs)                             AS 25.24.230(i)
CHILD SUPPORT ORDER                            Civil Rule 90.3

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

LEON GENE CLUGSTON,            )
      Plaintiff,           )
                               )
v.                             )
                               )
CRYSTAL LANGHAM,               )
      Defendant.           )
_____)  Case No.:3PA-03-1454 CI

### ORDER

Defendant filed a motion for reconsideration and retroactive modification of child support. CSSD filed a motion to correct clerical mistake. Plaintiff filed a motion to dismiss with prejudice and a motion to confirm dismissal with prejudice. The court will grant defendant's motion for reconsideration and retroactive modification of child support because the court made a clerical error in calculating the support amount in its last child support order dated October 19, 2004. The court will also grant CSSD's motion to correct clerical mistake and will include obligor's name in the amended order. The court will deny plaintiff' motion to dismiss with prejudice and his motion to confirm dismissal with prejudice because plaintiff fails to make a prima facie case under the existing Alaska law.

<u>Motion for Reconsideration and Retroactive Modification of Child Support</u>

Defendant requests the court to correct a clerical mistake made in the final child support order issued on October 19, 2004.

1

*Attachment 15*
*Pg 9 of 12*

She argues that the court erroneously calculated plaintiff's child support obligation at $274.00 per month by including her income as $20,469.70. She claims that the court, in its accompanying order stated that it would calculate the child support amount by using her then most recent DR-305 form which set her income at approximately $12,000. She states that the court inadvertently failed to calculate the amount by using $12,000. The Supreme Court also identified this error in its opinion. <u>Clugston v. Langham</u>, 2005 WL 3006567 (Alaska 2005).

Plaintiff did not respond to this motion specifically.

The court agrees with defendant and will correct this mistake in accordance with Civil Rule 60. While the court indicated that it would use $12,000 as defendant's income in its calculation for the child support amount, it mistakenly issued a child support order using $20,000 as defendant's income. The court will correct this mistake and amend the order. The amended child support order will require plaintiff to pay $386.60 per month for child support.

<u>Motion to Correct Clerical Mistake</u>

CSSD requests the court to re-issue the child support order dated October 19, 2004 and include plaintiff's name as the obligor. CSSD contacted plaintiff - obligor's attorney, Candice Bales, and the attorney confirmed that the obligor is her client.

Plaintiff opposes. Plaintiff claims that CSSD attorney's violated the Professional Conduct rules by contacting plaintiff's attorney and conducting an ex parte communication with her. He

argues that CSSD attorney has a financial interest in the outcome of this case and that is why he proffered plaintiff's name as the obligor.

CSSD replied and reiterated that the child support has to include a name for the obligor.

The court agrees with CSSD about the omission of an obligor's name in the child support order and it will correct this mistake by including plaintiff's name as the obligor in the amended order.

<u>Motion to Dismiss with Prejudice and Motion to Confirm Dismissal</u>

<u>With Prejudice</u>

Plaintiff requests the court to dismiss the case and all the motions related to the case. Plaintiff argues that CSSD and its attorney has no standing to appear to in this case. He questions the validity of the motions filed by the agency in this case. Plaintiff also claims that the court is unconstitutionally taking away property from plaintiff under the laws of the United States. He states that he has not waived his constitutionally protected rights and alleges that he is being forced under threat and coercion and being denied his right to pursue happiness, pursue the fruits of his labor and Due Process of the Law.

Plaintiff also filed a motion to confirm dismissal with prejudice against CSSD, making the same arguments in the above motion. He also claims that the court acknowledged that defendant was voluntarily underemployed but continued to grant child support

to defendant which he argues causes severe discrimination against him.

The court will deny plaintiff's motion to dismiss with prejudice and motion to confirm dismissal with prejudice because plaintiff does not have any legal basis for his motions under Alaska law. CSSD does have the authority to intervene in cases where child support is an issue. Child support is an obligation mandated by Civil Rule 90.3 by which the parents of a child are required to provide for the child. Child support does not constitute a taking under the State of Alaska laws.

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's motion for reconsideration and retroactive modification of child support order is GRANTED.

2. CSSD's motion to correct clerical mistake is GRANTED.

3. Plaintiff's motion to dismiss with prejudice and motion to confirm dismissal with prejudice is DENIED.

Dated at Palmer, Alaska, this 13th day of March, 2006.

_Eric Smith_
ERIC SMITH
SUPERIOR COURT JUDGE

I certify that on 3/14/06
a copy of this document was sent to:
☐ CSED          ☒ Attorney(s) of Record: Williams
☒ Plaintiff     ☒ Defendant
☐ Other_____
At the address(es) of record:
Rec'd jnl_____  NC
                   Deputy Clerk

4

Attachment 15
Pg 12 of 12