RECEIVED
JUN 0 9 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Received in the Trial Courts
State of Alaska Third District
at Palmer

JAN ~ ~ ~~~

Clerk of the Trial Courts
By_____Deputy

**Superior Court of Alaska**

**Third Judicial District**

**Palmer, Alaska**

**Leon Gene Clugston**
*Plaintiff*

v.

**CRYSTAL LANGHAM**
*Defendant*

**Case No1 3PA-03-1454 CI**

**Opposition to Notice and Opposition to Motion to Correct Clerical Mistake**

Come Now, Leon Gene Clugston ("Clugston") with this special and restricted appearance with this **Opposition to Notice and Opposition to Motion to Correct Clerical Mistake.**

Clugston opposes the calaliver *ex parte* communication of D. KEVIN WILLIAMS ("Williams") with Candice Bales ("Bales") to attempt to influence a *void ORDER*. First *nunc pro tunc* Orders are a viable means of correcting "clerical errors" that is or results from a mistake or failure in writing, copying, transcribing, entering and retrieving computer data, computing, or calculating, however, "clerical error" does not include an error that is or results from a mistake in judgment or reasoning in the making of the finding or determination. See *Comdisco, Inc. v. Tarrant County Appraisal Dist. And Appraisal*, 927 S.W.2d 325, 327 (Ct of App TX – 1996).

And further Bales under the Alaska Rules of Professional Conduct Rule ("ARPC") Williams may not communicate with Bales *ex parte* concerning Clugston's decision whether to accept an offer of settlement of a matter or commit Clugston to any obligation as Bales is bound by said ARPC Rule 1.2(a) "shall abide by the client's decision." And further Clugston avers that he has never been contacted by Bales in the past or present concerning said Child Support Order

that is lacking a designation of whom is the "obligor" signed by Judge Eric Smith ("Smith"), and further Bales has no authority to communicate with Williams of her personal opinion. And further Williams should know according to the he is also bound by ARPC Rule 1.2(a).

And further Williams has a financial interest in the instant Case by the cooperative agreement bound for performance with CSSD and also representing CSSD; and further, the CSSD has a contract with the Alaska Court System binding Smith for performance. No man may sit in any case in which he has a pecuniary interest, and therefore Smith, Williams, and CSSD all have a financial interest. And further Smith is not an independent Judge because of this pecuniary interest in this instant Case.

As held in the adjudged decision of *O'Donoghue v. United States*, 289 U.S. 516, 532 (1933) if one does not have an independent judge, all is lost, to wit:

> 'The Judicial Department comes home in its effects to every man's fireside; **it passes on his property, his reputation, his life, his all**. Is it not, to the last degree important, that **he should be rendered perfectly and completely independent, with nothing to influence or control him but God and his conscience?** * * * I have always thought, from my earliest youth till now, that the **greatest scourge an angry Heaven ever inflicted upon an ungrateful and a sinning people, was an ignorant, a corrupt, or a dependent Judiciary.**'
>
> In a very early period of our history, it was said, in words as true to-day as they were then, that **'if they (the people) value and wish to preserve their Constitution, they ought never to surrender the independence of their judges.'** Rawle on the Constitution (2d Ed.) 281. *[Emphasis added]*

And further, Williams' proposed ORDER should be Purged as his has a conflict of interest, has a financial interest in the outcome, and has no standing to appear in said Case.

And further the only thing that Williams did get correctly is that under the current issue of "shared custody", there is no precise process to identify whom is the "obligor." Of course, Williams does proffer Clugston's name, as Langham is underemployed and the most financial gain for CSSD, the Attorney General's Office, and the Alaska Court System of paying the bills that surround Smith can be obtained by assigned the status of "obligor" upon Clugson with no

rule of law. And further, not to mention that Smith's decisions are sent to Region Ten Social Security Director to assure that Smith's decisions are correct and in line with CSSD's regulations, otherwise the Alaska Court System would be penalized some portion of booty in this instant Case.

Arising under the Alaska Statutes under AS 25.24.152, "noncustodial parent" means the parent who has actual physical custody of the child for *less time* than the other parent. Clugston and Langham have shared physical custody and joint legal custody, being 50% each.

Under the adjudged decision of *Bell v. Bell*, 794 P.2d 97, 99 (1990), "legal custody" "[M]eans that they 'share responsibility in making of major decisions affecting the child's welfare." As Langham and Clugston both have "legal custody", both parents must be involved in the major decisions of the child.

I am not a "citizen of the Unite States" and I do not have a social security number in my "true name", nor do I seek any benefits of said federal benefit program, pensions, or gratuities.

Smith is bound to by the CRFs contained in the State Plan which is approved by the federal government.

Clugson has suffered irreparable injury with no remedy in any pretend court of law, has a lien, levies, and attachments with no valid ORDER in place. Therefore this court should remedy this issue by vacating a non-existence ORDER, return Clugson's property (money), and dismiss said Case with prejudice as there are no grounds for said Case as Rule 90.3 is only an interpretative Rule adopted by the Supreme Court of Alaska and included in said cooperative agreement between CSSD and the Alaska Court System to which Smith is bound to perform in compliance to the pecuniary gain of CSSD, the Alaska Court System, and the Attorney General's Office.

My Hand,

*[signature]*

I certify that I a true copy of this documents was mailed first

class via USPS to the following parties, to wit:

Crystal D. Langham
P.O. Box 879468
Wasilla, Alaska 99687-9468

Candice M. Bales
(Who is not the Attorney of Clugson)
P.O. Box 3722
Palmer, Alaska 99645

Department of Law
Anchorage Branch
1031 West Fourth Avenue Suite 200
Anchorage, Alaska 99501
907-269-5100

Date 1-28-06

_____
Signature

Opposition to Notice and Opposition to Motion to Correct Clerical Mistake    Page 4 of 4

Attachment 26
Pg 4 of 4