RECEIVED

JUN 0 9 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

Person Submitting Proposed Order:
Name: _____    Telephone No. _____
Address: _____
☐ Attorney for _____    ☐ Pro Se (not represented by an attorney)

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
AT __PALMER__

LEON GENE CLUGSTON,    )
                Plaintiff    )
                            )
V.                          )
                            )
CRYSTAL LANGHAM,            )
                Defendant.  )
                            )    CASE NO. 3PA-03-1454 CI
_____)    AMENDED
                                 ORDER FOR MODIFICATION OF
                                 CHILD SUPPORT

1.    Children. Custody and support are ordered for the following minor child(ren):

Full Names of Children    Birth Dates
__Nicholas L Langham__    __8/15/1994__
_____    _____
_____    _____
_____    _____

2.    Father
Full Name: __Leon G. Clugston__    DOB: __2/4/1973__
Mailing Address: __4555 S. Navigator Circ #7, Wasilla, AK 99654__
Residence Address (if different): _____
Most Recent Employer: _____
Employer's Address: _____

Mother
Full Name: __Crystal D Langham__    DOB: __4/23/1975__
Mailing Address: __P.O. Box 879468 Wasilla, AK 99687-9468__
Residence Address (if different): _____
Most Recent Employer: _____
Employer's Address: _____

Custodian (if not a parent)
Full Name: _____    DOB: _____
Mailing Address: _____
Residence Address (if different): _____

Page 1 of 9
DR-301 (4/05) (cs)
ORDER FOR MODIFICATION OF CHILD SUPPORT

AS 25.27.020, .062, .080
Civil Rule 90.3

Attachment 29
79 1 89

3.   Physical Custody.  The court finds that the current physical custody arrangement is:

Primary Custody *(child lives with this parent more than 70% of the year)*

a.   Mother, _____, has primary physical custody of the
     following child(ren): _____

b.   Father,_____, has primary physical custody of the
     following child(ren): _____

Shared Custody *(child lives with each parent at least 30% of the year)*

c.   The parents share physical custody of the following child(ren):

     _____

     The child(ren) reside with *Leon G. Clugston* during the following periods:
     *Week on and week off ( per 10/19/2004 order)*

     and with *Crystal Langham* during the following periods:
     *Week on and week off ( per 10/19/2004 order)*

     Failure to take physical custody of the child(ren) at least 30% of the year is
     grounds for modification of this support order.  However, denial of visitation by
     the custodial parent is not cause to increase child support.  Civil Rule 90.3(b)(1)(E)

4.   Support Modification.  It is hereby ordered that the support order dated *October 19, 2004*
     is modified as follows:

     The obligor, *Leon G. Clugston*, shall pay child support as follows:
     *(Put the current number of children on the first line.  Subtract one number on each
     subsequent line and do the calculations for each line.)*

| Number of Children | Basic Monthly Amount Owed | Health Insurance Adjustment (¶ 8) | Total Monthly Amount Owed |
|---|---|---|---|
| 1 | $386.60 | N/A | $386.60 |
|  |  |  |  |
|  |  |  |  |

     Except as provided below, as each child reaches the age of 18, is otherwise legally
     emancipated or dies, the amount of support will change to the next lower amount.

     Support must continue while each child is 18 years old if the child is (1) unmarried,
     (2) actively pursuing a high school diploma or equivalent level of technical or vocational
     training, and (3) living as a dependent with the obligee parent or guardian or a designee
     of the parent or guardian, **unless the following box is checked:**
     ☐   Child support will end when each child reaches age 18.

     The first payment is due no later than *September 1, 2004*.  Subsequent
     payments are due no later than the _____1st_____ day of each month thereafter.

AS 25.27.020, .062, .080
Civil Rule 90.3
*Attachment 2 of 9*
*P 2/9*

5.    Extended Visitation Credit (available only in <u>primary</u> custody situations).

Primary physical custody of the children listed in paragraph 3.a or 3.b has been given to the non-obligor parent. However, the obligor parent will have physical custody of these child(ren) for the following periods of over 27 consecutive days:

_____

_____

If this visitation is exercised, child support is reduced for the above period(s) as follows:

_____

*(This reduction may not exceed 75% of the amount owed for the period.)*

If this visitation is <u>not</u> exercised, child support is not reduced. [Civil Rule 90.3(a)(3)]

6.    Seasonal Income.

The court finds that

- obligor's income is seasonal, and
- obligee agrees that, as long as the total annual amount remains the same, the obligor can make higher payments during high income months and lower payments during low income months as set forth below, and
- the burden of budgeting for periods of unequal income should be placed on the obligee rather than the obligor.

The annual support amount is: $ _____

The average monthly support amount is: $ _____

**Therefore, it is ordered that** the monthly support amount in paragraph 4 will be varied as follows:

High Income Months. Obligor must pay $ _____ per month in the following months:

_____

Low Income Months. Obligor must pay $ _____ per month in the following months:

_____

If this support order takes effect in a low income month, the obligor must pay the "average monthly amount" each month until a high income month is reached, at which time the unequal monthly payment schedule will begin.

This order varying the monthly support amount applies only to the support amount for the number of children listed on the first line in paragraph 4. When support is no longer owed for the first child, the seasonal variation in monthly support amounts

☐    must be recalculated.

☐    will be as follows _____

_____

AS 25.27.020, .062, .080
Civil Rule 90.3
Attachment 29
389

7.    Application of Civil Rule 90.3 Formula.

a.    The child support amounts in paragraph 4 were calculated using the formula in Civil Rule 90.3(a) or (b).    ☒ Yes    ☐ No

b.    If not, the reason for the variation is:

☐    Obligor's income is over $100,000, so the (c)(2) limit was used.
☐    Obligor's income is low, so the (c)(3) minimum $600 per year was ordered.

☐    The following unusual circumstances exist that make application of Civil Rule 90.3(a) or (b) unjust: _____

_____

_____

_____

The amount of support which would have been required by the formula is:
$_____ for ___ children per month to be paid by the ☐ Mother ☐ Father.
Estimated value of any property conveyed instead of monetary support: $_____.

8.    Medical Support Order. AS 25.27.060(c) and Civil Rule 90.3(d)(1). This order concerns health insurance for the child(ren) covered by this child support order. It does not concern health insurance for any other children or for the parents.

a.    Current Coverage.

☐    The ☐ obligor ☐ obligee must purchase health insurance for the child(ren) because such insurance is available at reasonable cost through his/her employer, union or otherwise. Name and address of employer/union through which insurance will be purchased:_____

_____

The insurance cost (currently $_____ per month) will be divided between the parties equally unless a different division of the cost is ordered.

The child support calculation in paragraph 4 includes:
☐    a credit of $_____ per month (50% of the cost to the obligor) for health insurance purchased for the child(ren) by the obligor. If the obligor fails to purchase the insurance, the monthly child support obligation will increase by this amount, without further order of the court, until the obligor purchases the insurance and provides proof of the purchase to the other parent and to the Child Support Services Division (CSSD) if CSSD is handling collections.
☐    an extra $_____ per month (50% of the cost to the obligee) for health insurance purchased for the child(ren) by the obligee. If the obligee fails to purchase the insurance, the monthly child support obligation will decrease by this amount, without further order of the court, until the obligee purchases the insurance and provides proof of the purchase to the other parent and to the Child Support Services Division (CSSD) if CSSD is handling collections.

If the cost of the insurance changes, the amount of the child support obligation will be adjusted accordingly, without further order of the court. The parent purchasing the insurance shall provide documentation of the change to the other parent and to the Child Support Services Division (CSSD) if CSSD is handling collections. If either parent believes the cost of the insurance has become

AS 25.27.020, .062, .080
Civil Rule 90.3
Attachment 29
48 9

unreasonable, that parent may file a motion asking the court to suspend the requirement that insurance be purchased.

☐ The children are eligible for services through
   ☐ the Indian Health Service  ☐ military medical benefits
   but these services are not available in the area where the children live. Therefore, insurance must be purchased as stated above until these services become available.

☐ The children are eligible for services through
   ☐ the Indian Health Service  ☐ military medical benefits
   and these services are available to the children. Therefore, no additional insurance is required while these services are available.

☒ Health insurance for the child(ren) is not now available at reasonable cost or its availability is unknown.

b. Future Coverage. If there is no health care coverage for the child(ren) and insurance becomes available to a parent at a reasonable cost, that parent must purchase the insurance after giving notice to the other parent. The cost of the insurance must be divided between the parents equally unless a different division of the cost is ordered. Without further order of the court, the monthly child support obligation will increase by 50% of the cost of the insurance  if the obligee purchases it and decrease by 50% of the cost of the insurance if the obligor purchases it, unless otherwise ordered. If the parents disagree about whether the cost of insurance is reasonable or about which insurance policy should be purchased, either parent may file a motion asking the court to resolve the dispute.

c. Information for Other Parent. The parent purchasing the insurance must notify the insurance company that the other parent can apply for benefits on behalf of the child(ren) and should be reimbursed directly. The purchaser must also provide coverage information to the other parent and all forms and instructions necessary to apply for benefits.

9.  Uncovered Health Care Expenses (including medical, dental, vision and mental health counseling expenses). Civil Rule 90.3(d)(2) and (f)(5)

The cost of the child(ren)'s reasonable health care expenses not covered by insurance must be paid as follows, unless the expenses exceed $5,000 in a calendar year:
☒ Obligor will pay half and obligee will pay half.

☐ Obligor will pay _____ and obligee will pay _____
   because _____
   _____

A party shall reimburse the other party for his or her share of the uncovered expenses within 30 days after receiving the health care bill, proof of payment and, if applicable, a health insurance statement showing what part of the cost is uncovered. The bill and other materials should be sent within a reasonable time.

If the uncovered expenses exceed $5,000 in a calendar year, the expenses must be allocated based on the parties' relative financial circumstances when the expenses occur.

10. Travel Expenses. Civil Rule 90.3(g)

Travel expenses which are necessary to exercise visitation will be allocated between the parties as follows: _____

AS 25.27.020, .062, .080
Civil Rule 90.3

Attachment 2
5 of 29

11. INCOME WITHHOLDING ORDER. Unless one of the following boxes is checked (or CSSD later authorizes an exemption for one of these reasons), the obligor, any employer of the obligor and any person, political subdivision, department of the State, or other entity possessing property of the obligor, including any corporation created by the Alaska Native Claims Settlement Act, shall immediately withhold from the obligor's income and any other money due the obligor the amount of child support due pursuant to AS 25.27.062 and shall pay this amount to the Child Support Services Division.

☐ The previous support order in this case did not require immediate withholding and CSSD is not enforcing this order. Therefore, income withholding shall not be initiated until the requirements of AS 25.27.062(c) are met.

☐ The parties have agreed on the alternative arrangement described in the attached document signed by both parties, and income withholding has not been terminated previously and subsequently initiated.∗

☐ The court finds good cause not to require immediate income withholding because it would not be in the best interests of the child(ren) for the following reason:∗___

_____

The court further finds that the obligor has made voluntary support payments under the previous order and has not been in arrears in an amount equal to the support payable for one month, as defined in AS 25.27.062(m)(2)(B).

☐ The obligor is receiving social security or other disability compensation that includes regular payments to the child(ren) at least equal to the support owed each month. To the extent these payments to the child(ren) do not satisfy the monthly amount owed, the remaining amount due shall be withheld from the obligor's income pursuant to AS 25.27.062.

Even if one of the above boxes is checked, exempting the obligor from immediate income withholding, such withholding may be initiated under AS 25.27.062(c) through the court or through CSSD.

12. CSSD Services. All child support payments must be made to the Child Support Services Division (CSSD) if one of the parties applies for the services of CSSD. In addition, if the above income withholding order is served on the obligor's employer or anyone holding money belonging to the obligor, the money withheld pursuant to the order must be paid to CSSD.

☒ An application for CSSD services has been made.
☐ No application for CSSD services has been made at the time of this order.
When payments are made through CSSD:

a. Payments must include the **case number** and names of both parties and must be made payable to the CHILD SUPPORT SERVICES DIVISION, PO Box 102760, Anchorage, Alaska 99510-2760. CSSD shall disburse the payments as required

---

∗ In addition, the obligor has agreed to keep the obligee (or CSSD if CSSD is enforcing the order) informed of the obligor's current employer and the availability of employment-related health insurance coverage for the children until the support order is satisfied.

DR-301 (4/05) (cs)                                           AS 25.27.020, .062, .080
ORDER FOR MODIFICATION OF CHILD SUPPORT                      Civil Rule 90.3

Attachment 29
6 of 9

by law after deducting any fee required by law.

b.   CSSD shall maintain a record of support payments.

c.   Interest will be imposed in accordance with AS 25.27.020 on payments which are 10 or more days overdue or if payment is made by a check backed by insufficient funds. No interest will be charged, except on arrearages more than 30 days past due, if payments are made under an income withholding order.

d.   The parties shall notify CSSD, in writing, of any change in their mailing or residence addresses within 5 days after any such change.

e.   The obligor shall keep CSSD informed of the name and address of his or her current employer. Whenever employment changes, the obligor must notify CSSD in writing within 20 days. This employment information must be given to the obligee instead of CSSD if CSSD is not enforcing the order.

f.   The party ordered to provide insurance shall provide to CSSD proof of medical insurance coverage for the children within 20 days of this order. If insurance becomes unavailable, that party shall notify CSSD within 20 days. When insurance again becomes available, that party must, within 20 days, give CSSD proof that the children are insured. The above proof and notice of insurance must be given to the other party instead of CSSD if CSSD is not enforcing the order.

g.   If a party applies for CSSD services:

(1)   CSSD shall take whatever enforcement action is deemed legally proper, including recommending contempt proceedings against the party ordered to pay support. **Failure to pay support as ordered may result in execution against the property of the obligor or arrest of the obligor.**

(2)   Either party may ask CSSD to review the amount of child support if it has been at least 12 months since the support order was last reviewed or modified. CSSD may require that the request be made in writing on a form specified by CSSD. The parties shall provide income information requested by CSSD in connection with a review of the amount of child support within 20 days after the date the request is mailed.

(3)   CSSD may issue a withholding order, pursuant to AS 25.27.062 or AS 25.27.250, to attach funds owed to the obligor by any corporation created by the Alaska Native Claims Settlement Act (ANCSA). Upon service of such an order, the obligor's dividends, distributions and/or other periodic monetary benefits of ANCSA stock shall be transferred to the child support obligee pursuant to the terms of the withholding order. The ANCSA corporation shall pay the funds so transferred to CSSD for distribution to the child support obligee.

13.   Effect of Assignment of Right to Child Support to State. This order does not bind the Child Support Services Division of Alaska or of any other state to the child support herein ordered if the person receiving child support is receiving or has currently applied for welfare benefits and assigns his or her rights to child support to the state. AS 25.27.120 - .130. If child support rights are assigned to the state, any alternative arrangement for immediate income withholding will not be allowed unless approved by CSSD.

14.   **Notice To Party Ordered To Pay Support (Obligor).**

a.   You must pay the amount of support stated in this order. You cannot give gifts, clothes, food, or other things instead of paying this money.

Attachm# 29
789

b.   You must pay support on time.  You are not excused from paying even if the other party denies you visitation with the child(ren).  If you are denied visitation, you can file a motion to enforce visitation with the court, but you must still pay the child support.

c.   You must pay child support before your other bills and debts.  Child support payments have priority over most other debts.

d.   If you get married or take on an obligation to support someone else, you will still be expected to make all the payments ordered in this order.  If you fail to do so and a case is brought against you to enforce payment, your new obligations will not excuse your failure to pay.

15.  **Notice to Both Parties: If your situation changes, ask the court to change this order right away.**

This child support order is based on:

* your current income, and
* your current custody and visitation arrangement.

If either changes significantly (for example, if a child starts living with a different parent), you can ask the court to change the custody order or child support order.  The court has forms to help you do this (the DR-700 Packet).

It is very important to ask the court **as soon as a change occurs** because child support cannot be changed retroactively (that is, a new order cannot cancel the amount ordered to be paid in the past).

Past due amounts continue to remain due even if the person owed support does not ask for payment (except in the special situation described in Civil Rule 90.3(h)(3)).  With interest added, these past due amounts can grow into a substantial debt.

Recommended for approval on

_____
Date

_____          _____     3/14/06
Superior Court Master          Superior Court Judge                Date
                                                Eric Smith
                                    Type or Print Judge's Name

I certify that on  3/16/06
a copy of this order was sent to:
✓CSSD
Administrative Director of the Court System (if 7.a. is no)
Employer of _____ (with DR-330 Notice)**

** A copy of the order and the DR-330 Notice to Employer Re:  Children's Medical Insurance must be sent to the employer of the party ordered to purchase insurance for the children if that party is eligible for family healthcare coverage through his/her employer. AS 25.27.063(b).

AS 25.27.020, .062, .080
Civil Rule 90.3

Attachment 29
8 of 9

✓ Both Parties:
✓ Attorneys: Kevin Williams

Clerk: _____

DR-301 (4/05) (cs)
ORDER FOR MODIFICATION OF CHILD SUPPORT

Attachment 29
Pg 9 of 9
AS 25.27.020, .062, .080
Civil Rule 90.3