Leon Gene Clugston
4555 South Navigator Circle #7
Wasilla, Alaska [99654]
907-357-1093
Without Assistance of Counsel

**RECEIVED**

**JUL 0 7 2006**

**CLERK, U.S. DISTRICT COURT**
**ANCHORAGE, ALASKA**

# The United States of America

# The United States

# District of Alaska

# District Court of the United States

**Leon Gene Clugston**

Plaintiff

*Versus.*

**Eric Smith, individual capacity (personal capacity); and
Kevin D. Williams, individually (personal capacity); and,
Rachel King, individually (personal capacity); and,
Richard Romero, individually (personal capacity); and,
Ray A. Hollenbeck, individually (personal capacity); and,
Crystal Dawn Langham, individually (personal capacity); and,
John Does 1-20**

Defendants

**Case 3:06-cv-140 TMB**

**Opposition to Notice of Appearance of Megan R. Webb**

*Come now*, Leon Gene Clugston ("Clugston") with this Opposition to Notice of Appearance of Megan R. Webb.

As each of the parties were sued in their individual capacities having no Office created by any constitution of any of the several States, having no Oath of Office as either a judicial Officer, i.e. public Officer of any of the several States, or executive Officer, i.e. public Officer of any of the several States as mandated arising under Article VI of the Constitution of the United States, 1 Stat 23 and the Constitution of the State of Alaska Article XII section 5 and no Civil Commission on file being appointed to any Office with Powers and Duties.

And further, DAVID W. MARQUEZ ("Marquez") or Megan R. Webb ("Webb"), is not an executive Officer, i.e. public Officer of any of the several States as he has no Office created by any constitution of any of the several States, has no Oath of Office as executive Officer, i.e. public Officer of any of the several States as mandated arising under Article VI of the Constitution of the United States, 1 Stat 23 and the Constitution of the State of Alaska Article XII section 5 and no Civil Commission on file being appointed to any Office with Powers and Duties.

And further as an Offer of Proof that any purported Office within the Department of Law is a Temporary and Special Act to which I have attached a true and correct copy of SLA 1959 Chapter 64, being **Attachment 1**, which is in violation of the Constitution of the State of Alaska Article II Section 19.

And further, under ©AS 44.23 *et seq.* there is *no* legislative grant to represent people that have exceeded their authority, that are in violation of the Constitution of the United States Article VI, in violation of 1 Stat 23 and in violation Article XII section 5 of the Constitution of the State of Alaska.

And further, I find no Contract or agreement as required by the (RPC) 1.2(e), when a *lawyer knows* that a client *expects assistance not permitted by the rules of professional conduct*, the lawyer *shall consult with the client regarding the relevant limitations on the lawyer's conduct*. And further, Marquez or Webb, the agreement *shall describe the limitation on the representation* under RPC 1.2(c)(1) when the fees by Marquez or Webb exceeds five hundred (500) dollars under Rule 1.5.

The pertinent sections of the RPC are Rules 1.2, 1.4, 1.5 and 3.8 are as follows, to wit:

1.2(a) – SCOPE OF REPRESENTATION
**A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter. <u>In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, whether the client will testify, and whether to take an appeal.</u>**

* * *

1.2(c) – SCOPE OF REPRESENTATION
A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client consents after consultation.
   (1) If a written fee agreement is required by Rule 1.5, <u>the agreement shall describe the limitation on the representation.</u>

* * *

1.2(e) – SCOPE OF REPRESENTATION
<u>When a lawyer knows that a client expects assistance not permitted by the rules of professional conduct or other law, the lawyer shall consult with the client regarding the relevant limitations on the lawyer's conduct.</u>

* * *

1.4(c) COMMUNICATION
A lawyer shall inform an existing client in writing if the lawyer does not have malpractice insurance of at least $100,000 per claim and $300,000 annual aggregate and shall inform the client in writing at any time the lawyer's malpractice insurance drops below these amounts or the lawyer's malpractice insurance is terminated. A lawyer shall maintain a record of these disclosures for six years from the termination of the client's representation.

1.5(b) FEES
**The basis or rate of a fee exceeding $500 shall be communicated to the client in a written fee agreement before or within a reasonable time after commencing the representation. This written fee agreement shall include the disclosure required under Rule 1.4(c). In a case involving litigation, the lawyer shall notify the client in the written fee agreement of any costs, fees or expenses for which the client may be liable if the client is not the prevailing party.**

* * *

3.8 SPECIAL RESPONSIBILITIES OF A PROSECUTOR
The **prosecutor in a criminal case** shall:
  (a) <u>refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause;</u>
  (b) make reasonable efforts to assure that the <u>accused has been advised of the right to, and the procedure for obtaining, counsel and has been given reasonable opportunity to obtain counsel;</u>

(c) [Deleted]

(d) <u>make timely disclosure to the defense of all evidence</u> or <u>information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense</u>, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal; *[Emphasis added]*

No evidence has been entered that under the RPC, Marquez or Webb have a Alaska Bar Rule Five (5) Oath that is to be filed at the Alaska Bar Association Office in Anchorage, Alaska that states in pertinent part for all Attorneys after SCO 1378 became effective December 16, 1999, to wit:

> "I will adhere to the Rules of Professional Conduct in my dealings with clients, judicial officers, attorneys, and other persons;"

And Marquez and Webb, as all active Alaska Bar Members must have a "Mandatory Affidavit of Review of Alaska Rules of Professional Conduct; Suspension for Noncompliance" under Alaska Bar Rule 64 filed at the Alaska Bar Association Office in Anchorage, Alaska, in pertinent part, to wit:

> I, _____A.B._____, (NAME) being duly sworn, state: In accordance with Alaska Bar Rule 64, I certify that I have read and am familiar with the Alaska Rules of Professional Conduct.

And further for the reasons, *supra.*, I challenge Marquez and Webb under ©AS 22.20.070 to provide by affidavit their perceived authority as executive Officers of any of the several States to represent people that have exceeded their perceived authority.

My Hand, *[signature]*

Enclosed:   Attachment 1 - True copy of Temporary and Special Act SLA 1959 Chapter 64

STATE OF ALASKA         )

                        ) ss.

THE UNITED STATES OF AMERICA )

    I, Leon Gene Clugston, do swear (or affirm) that the forgoing facts and the following facts are true and correct under the penalties of perjury.

1.    My true name is Leon Gene Clugston.

2.    I am of the age of majority and competent to testify to the facts contained herein.

3.    I have challenged the authority of Marquez and Webb for the above stated reasons to appear for any of the individual parties sued that have exceeded any authorities, and incorporate all of the allegations in the Complaint of said defendants.

    My Hand  *Leon Clugston*

Sworn and subscribed before me a Notary Public.

My Commission expires on  1-23-2010  .

    _____
    Signature of Notary Public



OFFICIAL SEAL
**Daniel Criss**
Notary Public-State of Alaska
My Comm. Expires 1-23-2010

### Certification

I certify that a true and correct copy of this document and it's attachments were mailed first class to the following parties, to wit:

Eric Smith
435 South Denali
Palmer, AK 99645-6437
907-746-7500

Ray A. Hollenbeck
CSSD
550 W. 7th Avenue Ste 310
Anchorage, Alaska 99501
269-6900 phone
269-6813 Fax

Richard Romero
CSSD
550 W. 7th Avenue Ste 310
Anchorage, Alaska 99501
269-6900 phone
269-6813 Fax

Rachel King
CSSD
550 W. 7th Avenue Ste 310
Anchorage, Alaska 99501
269-6900 phone
269-6813 Fax

Megan R. Webb
Department of Law
Office of the Attorney General
Anchorage, Branch
1031 West 4th Avenue Ste 200
Anchorage, Alaska
907-269-5100

Kevin D. Williams
Department of Law
Office of the Attorney General
Anchorage, Branch
1031 West 4th Avenue Ste 200
Anchorage, Alaska
907-269-5100

Crystal Langham
P.O. Box 879468
Wasilla, Alaska 99687

Date _July 5 2006_

_____
Signature