NOTICE
*Memorandum decisions of this court do not create legal precedent. See Alaska Appellate Rule 214(d). Accordingly, this memorandum decision may not be cited for any proposition of law or as an example of the proper resolution of any issue.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| LEON G. CLUGSTON, ) | Supreme Court No. S-11736 |
| ) Appellant, ) | |
| ) | Superior Court No. |
| v. ) | 3PA-03-01454 Civil |
| ) | |
| CRYSTAL D. LANGHAM, ) | MEMORANDUM OPINION |
| ) | AND JUDGMENT[*] |
| Appellee. ) | |
| ) | [No. 1224 - October 19, 2005] |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Eric Smith, Judge.

Appearances: Leon G. Clugston, pro se, Wasilla, Appellant. Crystal D. Langham, pro se, Wasilla, Appellee.

Before: Bryner, Chief Justice, Matthews, Eastaugh, Fabe, and Carpeneti, Justices.

I.   **INTRODUCTION**

This appeal involves a dispute over the calculation of child support under Alaska Civil Rule 90.3. The appellant argues that the superior court erred in denying his request for an evidentiary hearing. He also argues that Civil Rule 90.3 is unconstitutional. We affirm the superior court's order.

---

[*]   Entered pursuant to Appellate Rule 214.

*Attachment 2*
*7 pgs total*

## II. FACTS AND PROCEEDINGS

Leon Clugston and Crystal Langham were never married but have one child together. In October 2003 Clugston filed a complaint seeking primary custody of the child. The parties reached an agreement to share physical custody of the child on a week-on, week-off basis. On September 9, 2004, Superior Court Judge Eric Smith entered findings of fact and conclusions of law describing their agreement and issued a custody decree.

On January 9, 2004, Langham filed a child support guidelines affidavit and her 2002 tax return. In the section of the affidavit entitled "Gross Income" she stated that her gross wages were $12,210. On the line marked "Permanent Fund Dividend" she entered $6,164, and on the line marked "Other" she wrote in "Child Support" and listed $2,400. She entered $20,774, the sum of these three amounts, as her total gross income and $20,469.74 as her net income.

On September 7, 2004, Clugston filed a notice to the court, a child support guidelines affidavit, and a shared custody child support calculation. Clugston listed $58,399.78 as his total gross income and $42,389.46 as his net income. Using the information from his affidavit and Langham's January affidavit, Clugston calculated that he should pay $274 per month in child support.

On September 10, 2004, Langham delivered to Clugston's attorney a second child support guidelines affidavit, a shared custody child support calculation, and the first page of her 2003 tax return. She filed these documents in the superior court on September 20, 2004. The affidavit listed $11,970 for gross wages and $1,108 for the permanent fund dividend income, resulting in a total gross income of $13,078 and a net income of $11,460.

On September 16, 2004, Clugston requested an evidentiary hearing on the question of child support. In his request, Clugston noted that Langham's reported net income was significantly lower on the September affidavit than on the January affidavit, stated that she was voluntarily under-employed, and argued that "[h]er income should be imputed to the higher level."

On October 19, 2004, the superior court denied Clugston's motion for an evidentiary hearing. The court recognized that Langham's January affidavit incorrectly included child support and the children's permanent fund dividends as income; the court concluded that it would rely on the September affidavit in issuing a child support order. The superior court entered a child support order requiring Clugston to pay $274 per month in child support.

On October 21, 2004, Clugston filed a motion for reconsideration. In that motion he argued that he should not be required to pay child support because "the court's use of Civil Rule 90.3 to calculate child support violates his constitutional rights." On November 3, 2004, the superior court denied the motion for reconsideration. Clugston appeals.

### III.  DISCUSSION

#### A.  Standard of Review

We will reverse an award of child support "only if the trial court abuses its discretion or applies an incorrect legal standard."[1] Whether the trial court erred in

---

[1] *Beaudoin v. Beaudoin*, 24 P.3d 523, 526 (Alaska 2001) (citing *Sanders v. Sanders*, 902 P.2d 310, 313 (Alaska 1995)).

denying a motion for an evidentiary hearing is subject to independent review.[2] We review legal questions de novo.[3]

### B. Clugston's Request for an Evidentiary Hearing

Clugston argues that he should have been granted an evidentiary hearing during which he would have had the opportunity to prove that Langham is voluntarily under-employed. His assertion that Langham is under-employed is based in part on the fact that Langham's September affidavit lists a significantly lower net income than her January affidavit. Clugston appears to accept the income figure reported in the January affidavit as correct; in his request below for an evidentiary hearing, he argued that Langham's income should be imputed to the level of the January affidavit. But the superior court's child support order of $274 per month is based on the $20,469.70 income figure listed in Langham's January affidavit, not the lower figure from the September affidavit.[4] The superior court ordered the same amount of child support as that calculated and proposed by Clugston based on Langham's January affidavit. Clugston therefore received all the relief he requested below.

Moreover, there is no merit to Clugston's assertion that the superior court erred when it stated that it would accept the $11,460 net income figure in Langham's

---

[2]  *Id.* (citing *Acevedo v. Burley*, 944 P.2d 473, 476 n.2 (Alaska 1997)).

[3]  *Turner v. Alaska Communications Sys. Long Distance, Inc.*, 78 P.3d 264, 266 (Alaska 2003).

[4]  It appears that the superior court made an error when it entered the proposed child support order submitted by Clugston's attorney. That order relied on the $20,469.70 net income figure from Langham's January affidavit, even though the court stated in its previous order that when issuing its child support order it would rely on the net income figure of approximately $12,000 in Langham's September affidavit. It therefore appears that Langham may be entitled to a higher child support award than the $274 per month listed in the child support order.

September affidavit rather than the $20,469.74 figure from her January affidavit. The gross wages on both the January and September affidavits are roughly the same: the January affidavit lists $12,210 in gross wages while the September affidavit lists $11,970 in gross wages.[5] The difference in the net incomes reported in the two affidavits is unrelated to Langham's gross wages, and therefore also unrelated to any allegation of voluntary under-employment. The two affidavits reported significantly different net incomes because the January affidavit included the children's permanent fund dividends and child support as income. The superior court correctly held that the children's permanent fund dividends and child support awards do not constitute parental income for purposes of the Rule 90.3 calculation. Since there is no material dispute of fact regarding the correct figure for Langham's gross wages for purposes of the Rule 90.3 calculation, the trial court did not err in denying the motion for an evidentiary hearing.[6]

C.    **Challenges to the Constitutionality and Application of Civil Rule 90.3**

Clugston also argues that he should not be required to pay any child support because (1) Rule 90.3 discriminates against fathers in violation of the right to equal protection under the federal and state constitutions; (2) Rule 90.3 cannot be applied to him because he is a custodial parent with fifty percent physical custody over the child; and (3) Rule 90.3 is unconstitutional because it violates the separation of powers doctrine.

Clugston contends that his equal protection rights were violated because he was designated as the obligor parent and ordered to pay child support, even though he

---

[5]    The gross wages are slightly different because the January affidavit was based on Langham's 2002 tax return while the September affidavit was based on the 2003 tax return.

[6]    *Cf. Turinsky v. Long*, 910 P.2d 590, 594 (Alaska 1996) (hearing on child support not necessary where there is no genuine issue of material fact).

-5-                                                                                       *1224*

shares custody equally with Langham. He asserts that he was designated the obligor parent because he is the father. But Rule 90.3 makes no distinction between mothers and fathers for the purposes of calculating child support. Under Rule 90.3(b) the amount owed by the obligor parent in a shared custody situation is determined based on the parents' net incomes and the percentage of time each parent has physical custody of the child.

Clugston also argues that Rule 90.3 can only be applied to noncustodial parents. But Rule 90.3(b) provides explicitly for situations in which the parents share physical custody of the child. The shared custody child support guidelines comply with AS 25.24.160(a)(1), which states that the court may provide for the payment of child support "by either or both parties" in an amount that is "just and proper." Clugston contends that imposing child support on a custodial parent is inconsistent with 45 C.F.R. § 302.56, the federal regulation governing state guidelines for setting child support awards. That regulation provides that state guidelines must, at a minimum, "[t]ake into consideration all earnings and income of the noncustodial parent,"[7] but nothing in the regulation suggests that a state may not provide for child support awards where the parents share physical custody of the children equally.

Finally, Clugston argues that Rule 90.3 violates the separation of powers doctrine because this court lacks the authority to promulgate Rule 90.3 or to require parents to pay child support. We recently rejected this argument in *Lawson v. Lawson*.[8]

We conclude that Clugston's arguments relating to the constitutionality and application of Rule 90.3 have no merit.

---

[7]   45 C.F.R. § 302.56(c)(1).

[8]   108 P.3d 883, 888-89 (Alaska 2005).

## IV. CONCLUSION

We AFFIRM the order of the superior court.