**Westlaw.**

39 S.Ct. 464
250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011
(Cite as: 250 U.S. 328, 39 S.Ct. 464)

RECEIVED
JUL 24 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

▷

Supreme Court of the United States.
UNITED STATES
v.
BABCOCK.
SAME
v.
HAYDEN.
Nos. 708, 915.

Argued April 15, 1919.
Decided June 2, 1919.

Appeals from the Court of Claims.

Two actions, one by Conrad S. Babcock and the other by Herbert B. Hayden, against the United States. From judgments for plaintiffs (53 Ct. Cl. 629), the United States appeals. Reversed.

West Headnotes

**United States 393 ⚿99**

393 United States
　　393VIII Claims Against United States
　　　　393k99 k. Services or Losses in War in General. Most Cited Cases
Under Act Jan. 9, 1883, 22 Stat. 401, and Act Aug. 13, 1888, 25 Stat. 437, right to present claims against the United States, under Rev.St. § 3482, 31 U.S.C.A. § 208, as amended by Act June 22, 1874, 18 Stat. 193, for horses lost in military service, finally expired in 1891.

**United States 393 ⚿127(1)**

393 United States
　　393IX Actions
　　　　393k127 Rights of Action Against United States or United States Officers
　　　　　　393k127(1) k. In General. Most Cited Cases
　　　　　　　(Formerly 393k127)
United States is not, by creation of claims against itself, bound to provide remedy in courts, but may withhold all remedy or may provide administrative remedy and make it exclusive, however mistaken its exercise.

**Federal Courts 170B ⚿1073.1**

170B Federal Courts
　　170BXII Claims Court (Formerly Court of Claims)
　　　　170BXII(A) Establishment and Jurisdiction
　　　　　　170Bk1073 Particular Claims, Jurisdiction
　　　　　　　　170Bk1073.1 k. In General. Most Cited Cases
　　　　　　　(Formerly 106k449(1))
Under Act March 3, 1885, 31 U.S.C.A. § 218, providing for ascertainment and determination by Treasury officers of value of private property of officers and enlisted men in the military service, lost or destroyed in such service under stated circumstances, and payment of amount ascertained, and that any claim presented and acted on under authority of the act shall be held as finally determined, and shall never thereafter be reopened or considered, the Treasury Department has jurisdiction of such a claim, to the exclusion of the Court of Claims.

**Federal Courts 170B ⚿1073.1**

170B Federal Courts
　　170BXII Claims Court (Formerly Court of Claims)
　　　　170BXII(A) Establishment and Jurisdiction
　　　　　　170Bk1073 Particular Claims, Jurisdiction
　　　　　　　　170Bk1073.1 k. In General. Most Cited Cases
　　　　　　　(Formerly 106k458)
Treasury Department has jurisdiction of soldier's claims for lost property under statute.

*329 **464 Mr. Assistant Attorney General Frierson, for the United States.
Mr. George A. King, of Washington, D. C., for appellees.

Mr. Justice BRANDEIS delivered the opinion of the Court.
These cases, which were argued together, are appeals by the United States from judgments entered in the Court of Claims. In each an officer in the army recovered compensation under the Act of March 3, 1885, c. 335, 23 Stat. 350 (Comp. St. § 6403), for the loss, while in the service, without fault or negligence on his part, of privately owned personal property. In each case the claim had been duly presented within

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment 2
3 pgs

39 S.Ct. 464                                                                                                                               Page 2
250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011
**(Cite as: 250 U.S. 328, 39 S.Ct. 464)**

two years of the occurrence of the loss, and the Secretary of War had decided that the articles in question were 'reasonable, useful, necessary, and proper for' such officer 'while in quarters, engaged in the public service, in the line of duty.'

In the Babcock Case the horse of a captain stationed at the Presidio died in 1910 of strangulation because the government furnished as the forage ration barley with the awns on it. In the Hayden Case, a lieutenant stationed at Texas City, Tex., lost in 1915 his personal effects during a hurricane and inundation, while he was endeavoring to save the property of the government and of others as well as his own. The claim for the horse had been disallowed by the Auditor of the War Department on the ground that 'the death of officer's horse was not caused by any exigency of the service, nor from a cause incident to or produced by the military service.' He had disallowed the claim for the personal effects because 'the *330 property was not lost or destroyed by being shipped on an unseaworthy vessel, nor by reason of the claimant giving his attention to saving property belonging to the United States,' and the Auditor's decision was affirmed on appeal by the Comptroller of the Treasury. The Auditor made no finding as to the value of the property lost. This was fixed by the Court of Claims at $200 for the horse and $333 for the personal effects; and for these amounts it entered judgments on the authority of Newcomber v. United States, 51 Ct. Cl. 408, and Andrews v. United States, 52 Ct. Cl. 373. The loss in each case occurred prior to April 5, 1917, so that the rights of the parties are not affected by the provisions of the Act of March 28, 1918, c. 28, 40 Stat. 459, 479, 480, or chapter VI of the Act of July 9, 1918, c. 143, 40 Stat. 845, 880, 881.

The questions whether the Act of March 3, 1885 authorizes recovery for horses under any circumstances and under what circumstances it authorizes recovery for other personal property have long been the subject of controversy in the Auditing Department and in that of the Comptroller of the Treasury. See 20 Decisions of the Comptroller, 238. But here we are confronted with the preliminary inquiry: Has Congress conferred upon the Court of Claims jurisdiction to determine in any case whether recovery may be had under that statute for an article lost **465 or destroyed? The right asserted is based upon the provision which declares:
'That the proper accounting officers of the Treasury be, and they are hereby, authorized and directed to examine into, ascertain, and determine the value of the private property belonging to officers and enlisted men in the military service of the United States which has been, or may hereafter be, lost or destroyed in the military service, under the following circumstances: * * *' and that 'the amount of such loss so ascertained and determined shall be paid out of any money in the Treasury not otherwise *331 appropriated, and shall be in full for all such loss or damage.'

These general rules are well settled: (1) That the United States, when it creates rights in individuals against itself, is under no obligation to provide a remedy through the courts. United States ex rel. Dunlap v. Black, 128 U. S. 40, 9 Sup. Ct. 12, 32 L. Ed. 354; Ex parte Atocha, 17 Wall. 439, 21 L. Ed. 696; Gordon v. United States, 7 Wall. 188, 195, 19 L. Ed. 35; De Groot v. United States, 5 Wall. 419, 431, 433, 18 L. Ed. 700; Comegys v. Vasse, 1 Pet. 193, 212, 7 L. Ed. 108. (2) That where a statute creates a right and provides a special remedy, that remedy is exclusive. Wilder Manufacturing Co. v. Corn Products Co., 236 U. S. 165, 174, 175, 35 Sup. Ct. 398, 59 L. Ed. 520, Ann. Cas. 1916A, 118; Arnson v. Murphy, 109 U. S. 238, 3 Sup. Ct. 184, 27 L. Ed. 920; Barnet v. National Bank, 98 U. S. 555, 558, 25 L. Ed. 212; Farmers' & Mechanics' National Bank v. Dearing, 91 U. S. 29, 35, 23 L. Ed. 196. Still the fact that the right and the remedy are thus intertwined might not, if the provision stood alone, require us to hold that the remedy expressly given excludes a right of review by the Court of Claims, where the decision of the special tribunal involved no disputed question of fact and the denial of compensation was rested wholly upon the construction of the act. See Medbury v. United States, 173 U. S. 492, 198, 19 Sup. Ct. 503, 43 L. Ed. 779; Parish v. MacVeagh, 214 U. S. 124, 29 Sup. Ct. 556, 53 L. Ed. 936; McLean v. United States, 226 U. S. 374, 33 Sup. Ct. 122, 57 L. Ed. 260; United States v. Laughlin (No. 200), 249 U. S. 440, 39 Sup. Ct. 340, 63 L. Ed. 696, decided April 14, 1919. But here Congress has provided:
'That any claim which shall be presented and acted on under authority of this act shall be held as finally determined, and shall never thereafter be reopened or considered.'

These words express clearly the intention to confer upon the Treasury Department exclusive jurisdiction and to make its decision final. The case of United States v. Harmon, 147 U. S. 268, 13 Sup. Ct. 327, 37 L. Ed. 164, strongly relied upon by claimants, has no application. Compare D. M. Ferry & Co. v. United States, 85 Fed. 550, 557, 29 C. C. A. 345.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

39 S.Ct. 464 \
250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011 \
**(Cite as: 250 U.S. 328, 39 S.Ct. 464)**

Page 3

In the Babcock Case claimant insists also that section 3482 of the Revised Statutes (Comp. St. ß 6390), as amended by Act of June 22, **\*332** 1874, c. 395, 18 Stat. 193 (Comp. St. ß ß 6391, 6392) affords a basis for the recovery. That section provided for reimbursement for horses lost in the military service, among other things 'in consequence of the United States failing to supply sufficient forage.' The 1874 amendment provided for reimbursement in any case 'where the loss resulted from any exigency or necessity of the military service, unless it was caused by the fault or negligence of such officers or enlisted men.' Even if these statutes were applicable to facts like those presented here, there could be no recovery; because under Act Jan. 9, 1883, c. 15, 22 Stat. 401, and Act Aug. 13, 1888, c. 868, 25 Stat. 437, the right to present claims under section 3482 of the Revised Statutes as amended finally expired in 1891. See Griffis v. United States, 52 Ct. Cl. 1, 170.

The Court of Claims was without jurisdiction in either case, and the judgments are Reversed.

U.S. 1919 \
U.S. v. Babcock \
250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.