TITLE XXIV.—CIVIL RIGHTS.

# TITLE XXIV.
## CIVIL RIGHTS.

Sec.
1977. Equal rights under the law.
1978. Rights of citizens in respect to real and personal property.
1979. Civil action for deprivation of rights.
1980. Conspiracy.
1981. Action for neglect to prevent conspiracy.
1982. District attorney, &c., to prosecute.
1983. Commissioners.

Sec.
1984. They may appoint persons to execute warrants, &c.
1985. Marshals to obey precepts, &c.
1986. Fees of district attorney, &c.
1987. Of persons appointed to execute process, &c.
1988. Speedy trial.
1989. Aid of military and naval forces.
1990. Peonage abolished.
1991. Foregoing section, how enforced.

SEC. 1977. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. [See § 858.]

*Equal rights under the law.*
31 May, 1870, c. 114, s. 16, v. 16, p. 144.
1 Mar., 1875, c. 114, s.1, v.18, p.336.

SEC. 1978. All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

*Rights of citizens in respect to real and personal property.*
9 April, 1866, c. 31, s. 1, v. 14, p. 27.

SEC. 1979. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. [See §§ 562, 629.]

*Civil action for deprivation of rights.*
20 April, 1871, c. 22, s. 1, v. 17, p. 13.

SEC. 1980. First. If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

*Conspiracy.*
31 July, 1861, c. 33, v. 12, p. 284.
20 April, 1871, c. 22, s. 2, v. 17, p. 13.
1 Mar., 1875, c. 114, s. 2, v.18, p.336.

Second. If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

Third. If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose

of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators. [See §§ 563, 629.]

Action for neglect to prevent conspiracy.
20 April, 1871, c. 22, s. 6, v. 17, p. 15.

SEC. 1981. Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding five thousand dollars damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued. [See § 629.]

District attorney, &c., to prosecute.
9 April, 1866, c. 31, s. 4, v. 14, p. 28.
31 May, 1870, c. 114, s. 9, v. 16, p. 142.

SEC. 1982. The district attorneys, marshals, and deputy marshals, the commissioners appointed by the circuit and territorial courts, with power to arrest, imprison, or bail offenders, and every other officer who is especially empowered by the President, are authorized and required, at the expense of the United States, to institute prosecutions against all persons violating any of the provisions of chapter seven of the Title "CRIMES," and to cause such persons to be arrested, and imprisoned or bailed, for trial before the court of the United States or the territorial court having cognizance of the offense.

Commissioners.
9 April, 1866, c. 13, s. 4, v. 14, p. 28.
31 May, 1870, c. 114, s. 9, v. 16, p. 142.

SEC. 1983. The circuit courts of the United States and the district courts of the Territories, from time to time, shall increase the number of commissioners, so as to afford a speedy and convenient means for the arrest and examination of persons charged with the crimes referred to in the preceding section; and such commissioners are authorized and required to exercise all the powers and duties conferred on them herein with regard to such offenses in like manner as they are authorized by law to exercise with regard to other offenses against the laws of the United States.

They may appoint persons to execute warrants, &c.
9 April, 1866, c. 31, s. 5, v. 14, p. 28.
31 May, 1870, c. 114, s. 10, v. 16, p. 142.

SEC. 1984. The commissioners authorized to be appointed by the preceding section are empowered, within their respective counties, to appoint, in writing, under their hands, one or more suitable persons, from time to time, who shall execute all such warrants or other process as the commissioners may issue in the lawful performance of their duties, and the persons so appointed shall have authority to summon and call to their aid the bystanders or posse comitatus of the proper county, or such portion of the land or naval forces of the United States, or of the militia, as

TITLE XXIV.—CIVIL RIGHTS.                                 349

may be necessary to the performance of the duty with which they are charged; and such warrants shall run and be executed anywhere in the State or Territory within which they are issued. [See § 5516.]

SEC. 1985. Every marshal and deputy marshal shall obey and execute all warrants or other process, when directed to him, issued under the provisions hereof. [See § 5516.] — Marshal to obey precepts, &c.
31, s. 5, v. 14, p. 28. 31 May, 1870, c. 114, s. 10, v. 16, p. 142.
9 April, 1866, c.

SEC. 1986. The district attorneys, marshals, their deputies, and the clerks of the courts of the United States and territorial courts shall be paid for their services, in cases under the foregoing provisions, the same fees as are allowed to them for like services in other cases; and where the proceedings are before a commissioner he shall be entitled to a fee of ten dollars for his services in each case, inclusive of all services incident to the arrest and examination. — Fees of district attorney, &c.
9 April, 1866, c. 31, s. 7, v. 14, p. 29.
31 May, 1871, c. 114, s. 12, v. 16, p. 143.

SEC. 1987. Every person appointed to execute process under section nineteen hundred and eighty-four shall be entitled to a fee of five dollars for each party he may arrest and take before any commissioner, with such other fees as may be deemed reasonable by the commissioner for any additional services necessarily performed by him, such as attending at the examination, keeping the prisoner in custody, and providing him with food and lodging during his detention, and until the final determination of the commissioner; such fees to be made up in conformity with the fees usually charged by the officers of the courts of justice within the proper district or county, as near as may be practicable, and paid out of the Treasury of the United States on the certificate of the judge of the district within which the arrest is made, and to be recoverable from the defendant as part of the judgment in case of conviction. — Of persons appointed to execute process, &c.
9 April, 1866, c. 31, s. 7, v. 14, p. 29.
31 May, 1870, c. 114, s. 12, v. 16, p. 143.

SEC. 1988. Whenever the President has reason to believe that offenses have been, or are likely to be committed against the provisions of chapter seven of the Title CRIMES, within any judicial district, it shall be lawful for him, in his discretion, to direct the judge, marshal, and district attorney of such district to attend at such place within the district, and for such time as he may designate, for the purpose of the more speedy arrest and trial of persons so charged, and it shall be the duty of every judge or other officer, when any such requisition is received by him to attend at the place and for the time therein designated. — Speedy trial.
9 April, 1866, c. 31, s. 8, v. 14, p. 29.

SEC. 1989. It shall be lawful for the President of the United States, or such person as he may empower for that purpose, to employ such part of the land or naval forces of the United States, or of the militia, as may be necessary to aid in the execution of judicial process issued under any of the preceding provisions, or as shall be necessary to prevent the violation and enforce the due execution of the provisions of this Title. — Aid of the military and naval forces.
8 April, 1866, c. 31, s. 9, v. 14, p. 29.
31 May, 1870, c. 114, s. 13, v. 16, p. 143.

SEC. 1990. The holding of any person to service or labor under the system known as peonage is abolished and forever prohibited in the Territory of New Mexico, or in any other Territory or State of the United States; and all acts, laws, resolutions, orders, regulations, or usages of the Territory of New Mexico, or of any other Territory or State, which have heretofore established, maintained, or enforced, or by virtue of which any attempt shall hereafter be made to establish, maintain, or enforce, directly or indirectly, the voluntary or involuntary service or labor of any persons as peons, in liquidation of any debt or obligation, or otherwise, are declared null and void. — Peonage abolished.
2 Mar., 1867, c. 187, s. 1, v. 14, p. 546.

SEC. 1991. Every person in the military or civil service in the Territory of New Mexico shall aid in the enforcement of the preceding section. — Foregoing section, how enforced.
2 Mar., 1867, c. 187, s. 2, v. 14, p. 546.