IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEON GENE CLUGSTON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ERIC SMITH, et al.,<br><br>　　　　Defendants. | Case No. 3:06-cv-00140-JWS<br><br>ORDER OF DISMISSAL |

On June 9, 2006, Leon Gene Clugston, representing himself, filed a complaint claiming that the defendants wrongfully charged him with child support in his state court proceedings.[1] The defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6), and Mr. Clugston has responded.[2] In reviewing the defendants' motions, the Court will not dismiss "unless 'it is clear that no relief [can] be granted under any set of facts that could be proven consistent with the

---

[1] See Docket No. 1.

[2] See Docket Nos. 4, 5, 8, 20, 22.

allegations.'"³  Nevertheless, as a federal court, this Court is a court of limited, as opposed to general, jurisdiction, with authority to hear only specified classes of cases.⁴

### Review of State Court Decisions

Because Mr. Clugston is seeking an unauthorized review of state court decisions,⁵ he is precluded from retaining jurisdiction, due to both the *Rooker-Feldman* doctrine and the principles of res judicata and/or collateral estoppel. The *Rooker-Feldman* doctrine takes its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, and six decades later, *District of Columbia Court of Appeals v. Feldman*.⁶

In *Rooker,* the Supreme Court affirmed the district court's conclusion that jurisdiction was lacking, stating: "Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify

---

³ *Swierkiewicz v. Sorema*, *N.A.*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

⁴ *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Autery v. United States,* 424 F.3d 944, 955-56 (2005); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

⁵ *See, e.g.,* Mr. Clugston's Opposition to Motion to Dismiss, Docket No. 20, attachment 2, *Clugston v. Langham*, No. S-11736 (Alaska, Oct. 19, 2005).

⁶ *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

the judgment of a state court for errors of that character."[7] *Feldman* reaffirmed the *Rooker* holding that only the Supreme Court has jurisdiction to review decisions of state courts; therefore, district courts have no jurisdiction to entertain challenges to state-court decisions, even if the challenges alleged are constitutional in nature.[8] The effect of the *Rooker-Feldman* doctrine is to provide an independent basis for prohibiting collateral attack on state court judgments.[9] Thus, Mr. Clugston may not obtain any injunctive and/or declaratory relief he seeks.[10]

### Judicial Immunity

In a civil rights action, judges are entitled to absolute immunity.[11] "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[12] In fact, "[j]udicial immunity applies 'however erroneous the act may have been, and however injurious in its

---

[7] *Rooker*, 263 U.S. at 416.

[8] *Feldman*, 460 U.S. at 476.

[9] *See Rooker*, 263 U.S. at 415-16; *Feldma*n, 460 U.S. at 476.

[10] *See* Docket No. 1 at 91-94.

[11] *See Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Martinez v. Newport Beach City*, 125 F.3d 777, 780 (9th Cir. 1997); *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986); *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), recognizing a common law action against federal officers for civil rights violations, as with state officers under § 1983.

[12] *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*).

consequences it may have proved to the Plaintiff.'" [13] As explained by the United States Supreme Court, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages."[14] Judges are "absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts ... A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."[15] Such was not the case here.

"To determine if a given action is judicial ... courts [should] focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."[16]

Nothing in Mr. Clugston's pleadings indicate that Judge Smith was acting in anything other than his official judicial capacity. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether

---

[13] *Id.* (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1301-02 (9th Cir. 1989).

[14] *Mireles*, 502 U.S. at 11.

[15] *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.) (*per curiam*), *cert. denied*, 488 U.S. 995 (1988) (citation omitted).

[16] *Ashelman*, 793 F.2d at 1075-76.

they dealt with the judge in his judicial capacity."[17]  As to all of the allegations made by Mr. Clugston in his complaint, the acts performed by Judge Smith were functions normally performed by judges, and Judge Smith was dealt with by the parties in his judicial capacity.  Therefore, Judge Smith is entitled to absolute judicial immunity.  Mr. Clugston's remedy was in his appeal, not a federal lawsuit.

### Frivolous Complaint

"[A] complaint ... is frivolous where it lacks an arguable basis either in law or in fact."[18]  A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[19]  Mr. Clugston alleges that the defendants are "impersonating ... public officer[s] of the State of Alaska ... in violation of Article VI of the Constitution of the United States ... and the Constitution of Alaska ... with no oath of office ... and should be immediately impeached and removed from ...

---

[17] *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. at 362).

[18] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[19] *Cato*, 70 F.3d at 1105 n. 2 (citations and internal quotations omitted).

office."[20]  These claims are blatantly frivolous, and seem to be a bad faith attempt to resist paying overdue child support.[21]

Mr. Clugston would be wise to stop spending the time and money he has spent to avoid the payment of his obligation to his child, as he has in this lawsuit, and pay up.

IT IS THEREFORE ORDERED:

1. This action is DISMISSED with prejudice; and
2. Any appeal of this action to the Court of Appeals for the Ninth Circuit is deemed to be taken in bad faith.

DATED this 15th day of August, 2006, at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge

---

[20] Docket No. 1 at 91-94.

[21] *See* Mr. Clugston's Opposition to Motion to Dismiss and Answer, Docket No. 22, attachment 1, showing nearly $8,000 due in child support payment as of June 27, 2006.